UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURA PLANTATION COMPANY, LLC**<br>    Plaintiff | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **SCOTTSDALE INSURANCE COMPANY**<br>    Defendant | **MAGISTRATE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff LAURA PLANTATION COMPANY, LLC, a limited liability company formed under the laws of the State of Louisiana, with its principal place of business in the Parish of St. James, State of Louisiana, and, with respect, shows unto the Honorable Court the following:

I.

Made Defendant herein is SCOTTSDALE INSURANCE COMPANY (hereinafter "Insurer"), a foreign insurance company authorized to do and doing business in the State of Louisiana.

II.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C Sec. 1332, because there is complete diversity of citizenship as between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff is a citizen of the State of Louisiana. Defendant SCOTTSDALE INSURANCE COMPANY is a foreign corporation incorporated under the laws of the State of Florida, with its principal place of business in Arizona.

III.

Defendant is indebted, jointly, severally, and *in solido* to Plaintiff for the following:

During all relevant times, herein, Plaintiff LAURA PLANTATION COMPANY, LLC owned immovable property with improvements, located at 2247 Hwy. 18, Vacherie, Louisiana in the Parish of St. James (hereinafter, the "Property").

IV.

Plaintiff further shows that, during all relevant times herein, Plaintiff contracted with Insurer to insure the property and its contents against risks of wind and other hurricane-related damage involved herein. That insurance agreement bears policy number CPS7407579.

V.

That on August 29, 2021, Hurricane Ida made landfall in the Parish of St. James (hereinafter the "Hurricane") and severely damaged Plaintiff's Property and the contents contained therein.

VI.

Following the Hurricane, Plaintiff retained Morris Bart, LLC, under a contingency fee contract (attached hereto as Exhibit A) to pursue claims for damages to the Property and its contents. Said contract establishes a lien for attorney's fees in favor of Morris Bart, LLC for a portion of the total amount paid to Plaintiff from Insurer.

VII.

Plaintiff timely notified Insurer of all losses, provided sufficient proof of loss under the terms of that policy, and otherwise satisfied all obligations under the insurance agreement. Specifically, on July 7, 2022, Insurer was notified of Morris Bart, LLC's representation of Plaintiff, and on April 26, 2023, Plaintiff provided an itemized estimate of losses documenting $424,722.31 in damages. On May 10, 2023, Defendant sent Plaintiff a letter rejecting Plaintiff's estimate and demand.

VIII.

Defendant Insurer tendered $1,358.00 in satisfaction of losses incurred from the Hurricane (henceforth the "Payment"), to which Plaintiff Morris Bart, LLC will have a legally protectable and tangible interest. While this is not sufficient to fully repair the Property, it is a much-needed payment to begin work.

IX.

Further, Plaintiff shows that Payment was insufficient to fully compensate all losses suffered to the Property from the Hurricane. In failing to fully compensate Plaintiff despite having all proper proof of loss and documentation of $424,722.31 in damages, Insurer acted:

A. Arbitrary, capricious, and without probable cause;

B. Without reasonable basis or justification; and

C. In contravention of their duty of good faith and fair dealing.

X.

Defendant Insurer has unreasonably refused to pay benefits to its insured and unreasonably delayed payment to its insured that he is entitled to under the terms of the policy causing Plaintiff to suffer:

A. Loss of use of property and additional living expenses;

B. Loss of enjoyment of property;

C. Diminution in value of property;

D. Repair and remediation expenses;

E. Mental anguish;

F. Attorney's fees; and

G. Costs of litigation.

XI.

Plaintiff is further entitled to penalties and attorneys' fees for the defendant's bad faith failure to pay Plaintiff's claim and/or to properly adjust this claim, pursuant to La. R.S. 22:1892 and 22:1973.

**WHEREFORE,** Plaintiff prays that Defendant SCOTTSDALE INSURANCE COMPANY. be served with a certified copy of this complaint, and after being duly cited to appear and answer hereto, and after due proceedings had, that there be declaratory judgment rendered herein in favor of Plaintiff declaring the proper administration and manner of payment to all named parties to this litigation, and for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:
MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 599-3216
FACSIMILE:  (504) 910-8563
E-MAIL:  wlongwitz@morrisbart.com

*/s/ Will Longwitz*
BY:  WILLIAM LONGWITZ, LA BAR NO. 39752